IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RAY SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | 4:14CV3093 |
| | ) | |
| V. | ) | |
| | ) | |
| DENNIS M. SCHUSTER, In his | ) | **MEMORANDUM** |
| Official and Individual Capacity, | ) | **AND ORDER** |
| CITY OF BEATRICE, Nebraska, | ) | |
| and TOBIAS J. TEMPELMEYER, | ) | |
| City Attorney, | ) | |
| | ) | |
| Defendants. | ) | |

This is a 42 U.S.C. § 1983 action asserting claims under the First and Fourth Amendments. (Filings 35, 43.) Plaintiff Ray Scott alleges that he exercised his First Amendment right to free speech by protesting the City of Beatrice's imposition of a lodging tax on his business, which was renting living quarters to tenants in a two-building property called the "Villa Motel" in Beatrice, Nebraska. Plaintiff asserts that the defendants retaliated against him for objecting to payment of the tax by conducting a sham inspection—without Plaintiff's permission or a warrant—of the property in which Plaintiff held a leasehold interest, which led to retaliatory condemnation of the property, effectively putting Plaintiff out of business.

On March 2, 2016, I granted in part and denied in part the defendants' motion for summary judgment, leaving Plaintiff's First Amendment retaliation claim against defendant Tobias J. Tempelmeyer in his individual capacity as the only remaining claim. (Filing 71.) Tempelmeyer now moves to alter or amend the court's prior order on summary judgment (Filing 73) to grant him qualified immunity; to file an amended answer (Filing 76) to plead an additional affirmative defense of absolute and/or

prosecutorial immunity; and for summary judgment on Plaintiff's First Amendment claim against him on the basis of absolute and/or prosecutorial immunity (Filing 77).

## A. Motion to Alter or Amend

Pursuant to Fed. R. Civ. P. 59(e), defendant Tempelmeyer has filed a motion to alter or amend the court's prior order denying him qualified immunity as to Plaintiff's First Amendment retaliation claim. "A district court has broad discretion in determining whether to grant or deny a motion to alter or amend [a] judgment pursuant to Rule 59(e) . . . ." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Rule 59(e) motions serve the limited function of correcting "'manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Innovative Home Health Care v. P.T.-O.T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933.

Because Tempelmeyer does not present newly discovered evidence, I need only to determine whether my previous analysis regarding Tempelmeyer's entitlement to qualified immunity was manifestly erroneous. Tempelmeyer argues that I incorrectly used a three-prong test under *Peterson v. Kopp*, 754 F.3d 594, 598 (8th Cir. 2014), to analyze Plaintiff's First Amendment claim when I should have used a four-part test. Specifically, Tempelmeyer contends that instead of analyzing only whether (1) Plaintiff "engaged in a protected activity, (2) the government official took adverse action against [Plaintiff] that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity," *id.* at 602, I should have also considered a fourth prong—that is, lack of probable cause or arguable probable cause for the government action. (Filing 75, Def.'s Br. Supp. Mot. Alter at CM/ECF pp. 6-11.)

2

Tempelmeyer asserts that because "probable cause" supported the inspection and condemnation of the Motel, he is entitled to qualified immunity.[1]

*Peterson*—one of the cases on which Tempelmeyer relies—expressly limits use of the fourth "probable cause" prong to "retaliatory arrest cases." *Peterson*, 754 F.3d at 602 ("In retaliatory arrest cases, we have identified a fourth prong: lack of probable cause or arguable probable cause." (citing retaliatory arrest cases)). The case now before me is not a retaliatory arrest case, nor is it a case involving the issuance of citations for violations of the city's municipal codes or a criminal prosecution.[2] Further, the Eighth Circuit Court of Appeals has very recently applied the three-prong test in a First Amendment retaliation case involving a governmental department's investigation and inquiries of a financial advisor who publicly engaged in protected political speech. *Bennie v. Munn*, No. 14-3473, ___ F.3d ___, 2016 WL 2731577, at *4 (8th Cir. May 11, 2016) (citing three-prong test for analyzing First Amendment retaliation claim; fourth "probable cause" prong not mentioned as part of test). Under such circumstances, it was not a "manifest error of law" to apply the three-part test in this case.

---

[1]Tempelmeyer does not question my analysis of the first three prongs.

[2]*See Hartman v. Moore*, 547 U.S. 250 (2006) (plaintiff asserting *Bivens* claim that he was prosecuted for exercising his First Amendment free-speech rights must plead and prove lack of probable cause for pressing underlying criminal charges in order to sustain his First Amendment retaliatory-prosecution claim; noting differences in constitutional tort action where "the claimed retaliation for protected conduct is a criminal charge"); *Williams v. City of Carl Junction*, 480 F.3d 871, 875 (8th Cir. 2007) (finding that, because plaintiff failed to show that police officers lacked probable cause to issue citations for violation of city codes, he could not establish a necessary element of his retaliatory-prosecution claim; distinguishing retaliatory-prosecution claim from "ordinary retaliation case" with regard to required showing of causation).

Further, it should be noted that the *Peterson* court reversed the district court's grant of summary judgment based on qualified immunity on the plaintiff's First Amendment retaliatory use-of-force claim because "[a] reasonable jury could conclude . . . that [the public transit officer] pepper sprayed [the plaintiff] in retaliation for asking for his badge number, and [the plaintiff's] First Amendment right was clearly established at the time of the incident." *Peterson*, 754 F.3d at 603 (stating that whether transit officer pepper-sprayed plaintiff "even in part—because of his protected speech" is "generally a jury question . . . [unless] the question is so free from doubt as to justify taking it from the jury" and that plaintiff had presented "affirmative evidence that [the officer] pepper[-]sprayed him in retaliation for criticizing him and asking for his badge number" (internal quotation and citation omitted)).

Here, as in *Peterson*, a reasonable jury could conclude that Tempelmeyer ordered the inspection and condemnation of the Motel because of Plaintiff's dispute with the City of Beatrice regarding the applicability of a certain tax on his business property, and Plaintiff's First Amendment right to so challenge the City was clearly established at the time of the alleged government retaliation. Therefore, and as I previously concluded, "defendant Tempelmeyer is not entitled to qualified immunity on [plaintiff] Scott's First Amendment claim." (Filing 71 at CM/ECF p. 10.)

Tempelmeyer's motion to alter or amend (Filing 73) shall be denied.

**B.  Motion to Amend Answer**

In response to a footnote in the court's previous summary-judgment order that "[t]he defendants do not argue that Tempelmeyer is entitled to an immunity defense other than qualified immunity, such as prosecutorial immunity," (Filing 71 at CM/ECF p. 6 n.3), Tempelmeyer moves to amend his answer to include the affirmative defense of absolute and/or prosecutorial immunity. (Filing 76.)

4

Unless a party seeks to amend a pleading "once as a matter of course," which is not the case here, Fed. R. Civ. P. 15(a)(2) allows a party to amend "only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." This rule "encourages the court to look favorably on requests to amend," and "the grant or denial of leave to amend is a matter that is within the discretion of the trial court." 6 Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 1484 (3d ed. Westlaw 2016).

Because the question of whether Tempelmeyer is entitled to immunity, of whatever type, has been at issue throughout this case, Plaintiff would not be unfairly surprised or prejudiced by allowing Tempelmeyer to amend his answer to assert absolute and/or prosecutorial immunity. Further, allowing the amendment will hasten the resolution of this case by allowing the court to address an issue that should be decided by the court before trial. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) ("we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation" (internal quotation and citation omitted)).

Defendant Tempelmeyer's motion for leave to file an amended answer (Filing 76) shall be granted, and the proposed amended answer (Filing 76-1), attached to Tempelmeyer's motion, is accepted and shall be considered filed.

**C. Supplemental Motion for Summary Judgment**

Tempelmeyer has also filed a supplemental motion for summary judgment (Filing 77) on the basis of "absolute and/or prosecutorial immunity" in response to the court's footnote that Tempelmeyer had not asserted prosecutorial immunity in his prior motion for summary judgment based on qualified immunity. (Filing 71 at CM/ECF p. 6 n.3.) Tempelmeyer argues that while he did not specifically mention "prosecutorial immunity" in his prior motion for summary judgment, such argument was "necessarily included within Tempelmeyer's broader assertion of qualified immunity." (Filing 79, Def.'s Br. Supp. Supp. Mot. Summ. J. at CM/ECF p. 1.)

Further, Tempelmeyer contends that assuming he directed the city inspector to inspect and condemn the Motel, Tempelmeyer would be entitled to absolute prosecutorial immunity. (*Id*. at CM/ECF p. 5.)

> Prosecutors may be entitled to either absolute or qualified immunity from civil liability under 42 U.S.C. § 1983 for actions undertaken pursuant to their official duties. If the prosecutor is acting as advocate for the state in a criminal prosecution, then the prosecutor is entitled to absolute immunity. Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process. In contrast, a prosecutor is entitled only to qualified immunity when [s]he pursues actions in an investigatory or administrative capacity. In determining whether particular actions of government officials fit within the absolute or qualified immunity standard, the Supreme Court has adopted a functional approach that looks to the nature of the function performed, not the identity of the actor who performed it.

*Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) (internal quotation marks omitted) (citing *Burns v. Reed*, 500 U.S. 478 (1991); *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Imbler v. Pachtman*, 424 U.S. 409 (1976); *Forrester v. White*, 484 U.S. 219 (1987)).

The Supreme Court has held that a prosecutor does not have absolute immunity when he or she gives legal advice to the police or performs "investigatory functions that do not relate to . . . preparation for the initiation of a prosecution or for judicial proceedings." *Buckley,* 509 U.S. at 273 (citing *Burns,* 500 U.S. at 492-496 ("We do not believe . . . that advising the police in the investigative phase of a criminal case is so intimately associated with the judicial phase of the criminal process that it qualifies for absolute immunity" (internal quotation marks and citation omitted)). If a prosecutor is not acting as an "advocate for the state in a criminal prosecution" such that absolute immunity would apply, the prosecutor may be entitled to qualified

6

immunity "when he pursues actions in an investigatory or administrative capacity." *Brodnicki*, 75 F.3d at 1266 (internal quotation marks and citation omitted).

As stated in the court's prior order on the defendants' motions for summary judgment, Tempelmeyer (1) directed the City of Beatrice Chief Building Inspector to inspect Plaintiff's property for safety issues after having an ongoing dispute with Plaintiff about the payment of certain taxes on Plaintiff's business property and after seeing interior photographs of the property provided by a private citizen; (2) directed the inspector to advise Plaintiff of the "life safety issues" found by the fire marshal at the property, despite the fact that the inspector opined that the issues were not life-threatening; and (3) directed the inspector to condemn the property, contrary to the City's previous practice of not condemning properties that did not contain life-threatening conditions. Further, based on a conversation the inspector overheard between Tempelmeyer and the mayor, the inspector believes Tempelmeyer directed him to inspect and condemn Plaintiff's property because of Plaintiff's ongoing resistance to paying a lodging tax on the property. (Filing 71 at CM/ECF pp. 1-6.)

Tempelmeyer's actions cannot be characterized as initiating or pursuing a criminal prosecution, presenting the city's case at trial, or engaging in conduct that is "intimately associated with the judicial process." *Brodnicki*, 75 F.3d at 1266. Rather, Tempelmeyer's directives are more properly considered administrative or investigatory acts, which only entitle Tempelmeyer to qualified immunity. *Id.* I previously determined that Tempelmeyer is not entitled to qualified immunity (Filing 71), and I have declined to amend or alter that order pursuant to the discussion above. Accordingly, Tempelmeyer's supplemental motion for summary judgment (Filing 77) shall be denied.

IT IS ORDERED:

1.   Defendant Tempelmeyer's motion (Filing 73) to alter or amend the court's prior order on summary judgment to grant him qualified immunity is denied;

2.  Defendant Tempelmeyer's motion (Filing 76) to file an amended answer to plead an additional affirmative defense of absolute and/or prosecutorial immunity is granted, and the proposed amended answer (Filing 76-1), attached to Tempelmeyer's motion, is accepted and shall be considered filed;

3.  Defendant Tempelmeyer's supplemental motion (Filing 77) for summary judgment on Plaintiff's First Amendment claim against him on the basis of absolute and/or prosecutorial immunity is denied;

4.  Plaintiff's First Amendment retaliation claim against defendant Tempelmeyer in his individual capacity is the only remaining claim in this case; and

5.  This matter is referred to Magistrate Judge Zwart for further progression.

DATED this 19th day of May, 2016.

BY THE COURT:
*Richard G. Kopf*
Senior United States District Judge